## MAY 10, 1944

### EARL EWING v. THE STATE.

No. 22801. Delivered March 15, 1944.
Rehearing Denied May 10, 1944.

The opinion states the case.

*Culwell & Culwell,* of Amarillo, for appellant.

*Ernest S. Goens,* State's Attorney, of Austin, for the State.

KRUEGER, Judge.

The conviction is for the offense of an assault with intent to commit rape. The punishment assessed is confinement in the penitentiary for a term of fifteen years.

Appellant's main contention is that the evidence is insufficient to justify and sustain his conviction. We have carefully read the statement of facts and reached the conclusion that the State's evidence makes a complete case against him. It is true that there are some discrepancies in the little girl's testimony but that of Mrs. Pitman, if believed by the jury, was sufficient upon which they could base their conclusion of his guilt.

Appellant insists that Mrs. Pitman was uncertain as to some acts and transactions which occurred prior and subsequent to the alleged assault and therefore she was not a credible witness, and we should so hold as a matter of law. The record discloses that Mrs. Pitman's testimony was direct and positive to the main fact in issue. The question of her credibility and the weight to be given to her testimony was within the exclusive province of the jury, and this court would not be justified in disturbing their finding on such fact. Therefore, his contention is overruled.

Appellant has brought forward three bills of exception complaining of the admission of certain evidence. These bills are wholly deficient to require consideration by this court, in this: that they fail to set out enough of the surrounding facts and circumstances to enable this court to determine the merits of the bills in disclosing the supposed error. It is now a fairly well established rule in this state that a bill of exception should be made so full and certain in its statement as that, in and of itself, it will disclose all that is necessary to manifest the supposed error. See Branch's Ann. Tex. P. C., p. 131, sec. 207, and 4 Tex. Jur. p. 295, sec. 207, and authorities there cited.

Finding no reversible error in the record, the judgment of the trial court is affirmed.

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

GRAVES, Judge.

Appellant in his motion takes exception to the statement in our original opinion herein where we said that: "The question of her (Mrs. Pitman's) credibility and the weight to be given to her testimony was within the *exclusive* province of the jury, and this court would not be justified in disturbing their finding on such fact," his argument being based upon the fact that this court has reversed many cases upon the lack of, or insufficiency of, the evidence. Evidently the lack of testimony, or the insufficiency of testimony, to make out a case has been confused with the credibility of the testimony.

We think that the position in which Mrs. Pitman testified she saw appellant's body upon that of the little ten year old girl, the condition of appellant's body and his organ when he got up from over the child's body, the child's statement, contradictory as it may be in portions thereof, as well as the doctor's statement showing a bruised condition of the child's private parts, with mucus tinged with blood,—doubtless had weight with the jury in arriving at their conclusion of appellant's guilt.

We think the facts are sufficient upon which to base the jury's verdict of an assault with intent to rape, and the motion is therefore overruled.